## THE STATE OF IOWA;

### OTTUMWA, JUNE TERM, A. D. 1850,

In the fourth year of the State.

---

PRESENT:

HON. JOSEPH WILLIAMS, CHIEF JUSTICE.
" JOHN F. KINNEY, } JUDGES.
" GEORGE GREENE, }

---

### HICKS *v.* WALKER.

Where the county and state are named in the margin of a declaration, and the county is referred to in its body, as "Monroe cty," held that the venue was sufficiently stated.

In an action of slander, where general damages only, such as the law implies from words actionable *per se*, are claimed, the declaration need not specify damages.

*Error to Monroe District Court.*

*Opinion by* GREENE, J. An action on the case in which the following is the form of the declaration:

"State of Iowa, } ss.
   Monroe Co. }

   William Hicks }
      *vs.*    } Case.
   John Walker. }

     John Walker the above named defendant, was summoned to answer William Hicks, the above named plaintiff, in a plea of the case, whereupon the said plaintiff by M. D. Ives his attorney complains; for that whereas the said defendant did, on or about the twelfth day of July, 1849, at Pleasant township, Monroe c'ty, maliciously, falsely and openly utter and publish in the hearing of sundry persons, the following false and scandalous words of and concerning the plaintiff, to wit: "William Hicks (meaning the plaintiff,) will steal, and did steal in Pennsylvania, and had to leave that state for stealing," which is to the damage of the plaintiff of the sum of five hundred dollars and therefore he sues."

     To this declaration, the defendant demurred and assigned for special cause: 1. That there is no sufficient venue; 2. It does not allege in what manner the plaintiff was damaged. The demurrer was sustained, and it is now contended, that the court erroneously decided against the sufficiency of the declaration.

     Counsel urge as an objection to the declaration, that it is very unlike those which are usually filed in such cases, and that it is defective in the two particulars specified by the special demurrer. In relation to the general objection, it must be admitted,—that the declaration is remarkable for its brevity, and not in the usual form suggested by most of the authors on pleadings. But in American courts at least, prolixity is no longer regarded as an indispensable branch of pleading; nor is, it deemed essential to adhere with venerating tenacity to the verbose forms of ancient pleaders. As conciseness promotes perspicuity, and redundancy leads to ambiguity and doubt, there is surely no propriety in adhering to forms, which when divested of their superfluity of words, become more simple and intelligible. If a declaration or plea contains all the neces-

sary legal averments, that is sufficient; the more succinct they are in language the better, if they only express the facts intended.

It is objected to the present declaration, that the venue is not sufficiently stated. But we think otherwise. It is not only stated in the margin, but is also referred to with sufficient identity in the body of the declaration. The abbreviation of "cty." admits of no ambiguity. In its connection with other words, it can only stand for county. This then, we do not consider a sufficient ground of demurrer.

2. The other objection specified is, that the declaration does not state in what manner the plaintiff was damaged. If the slanderous words charged in the declaration, were not actionable *per se*, if they made out a case in which special damages only could be claimed, for some particular and actual injury resulting from a slander not actionable in itself, this objection might be urged with much propriety. Chitty's Pl. 347. But by the declaration in this case, general damages only, are sought, which are such as the law implies, as resulting from words actionable in themselves; and such damages need not be specially averred, because it is a general rule that presumptions of law are not to be pleaded. In this advanced era in the science of pleading, it might very properly be regarded as a loose style, and as censurable surplusage to allege mere matter of law, or any fact which should be officially noticed by the court.

Chitty remarks that, "though it is usual in an action on the case for calling the plaintiff a "thief," to state, that by reason of the speaking of the words the plaintiff's character was injured, yet that the statement appears unnecessary, because it is an intendment of law, that the plaintiff was injured by the speaking of such words." Chitty's Pl. 347. It is true, that under this declaration, the plaintiff would be limited to general damages, and could not superadd proof and recover for special injuries. But it alleges all that is necessary to support the action, it states the time,

the place and the injury with such certainty and precision, that the defendant may know what he is called upon to answer, and by an unequivocal plea raise an issue upon which a complete verdict and a certain judgment may be given. When a declaration contains such requisites and will produce such results, it shows a compliance with the chief object of pleading and should be deemed sufficient. Besides the declaration in this case, is not altogether without precedent. It appears to have been literally copied from Swift's Digest 423, a work by no means contemptible, so far as a terse style and methodical arrangement of pleading are concerned.

We conclude therefore, that the court below erred in sustaining the demurrer to the declaration.

Judgment reversed.

*Ives & Summers*, for plaintiff in error.

*Allison, Wright & Knapp*, for defendant.